NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADVANCED DRAINAGE SYSTEMS, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> SITECO MATERIALS, INC., : <br> : <br> Defendant/Third Party Plaintiff. : <br> : <br> v. : <br> : <br> CARUSO EXCAVATING, INC., : <br> : <br> Third Party Defendant : <br> Fourth Party Plaintiff : <br> : <br> v. : <br> : <br> ADVANCED DRAINAGE SYSTEMS, INC., : <br> : <br> Fourth Party Defendant. : <br> : | Civil Action No. 13-cv-1349 (JAP) <br><br> **OPINION** |

PISANO, District Judge

Presently before the Court is Fourth Party Defendant, Advanced Drainage Systems Inc.'s ("ADS") motion to dismiss Caruso Excavating, Inc.'s ("Caruso") Fourth Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket #21]. Caruso opposes this motion [docket #27]. The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons that follow, this Court GRANTS ADS' motion to dismiss in its entirety [docket #21].

1

**I.	BACKGROUND**

Caruso's Fourth Party Complaint, received by the Court on June 14, 2013 [docket #12], consists of four (4) causes of action against ADS relating to Caruso's construction of a sub-surface storm water drainage system ("the system"): (1) breach of the implied warranty of merchantability; (2) breach of the implied warranty of fitness for a particular purpose; (3) breach of an express warranty; and (4) breach of an express and/or implied contract. The following allegations are taken from Caruso's Fourth Party Complaint and are accepted as true for purposes of this Court's review only.

Caruso is in the business of providing services, work and materials for various construction and land development projects throughout the State of New Jersey. Fourth Party Complaint ("Compl.") ¶ 4. On or about July 16, 2008, Caruso entered into a "site work contract agreement" with an owner of property located in Mount Laurel, New Jersey, whereby Caruso was to perform certain site work in connection with a planned development of a hotel, commercial and retail complex. Compl. ¶ 5. The site work included constructing a sub-surface storm water drainage system under portions of the rear parking lot of the proposed hotel and upon completion of Caruso's work, the owner of the property paid Caruso the total contract sum. Compl. ¶¶ 6, 8.

Sometime thereafter in or about 2010, the system allegedly failed. Compl. ¶¶ 18, 24. The system was purchased by Caruso from SiteCo Materials, Inc.[1], and was manufactured by ADS. Compl. ¶ 11. Thus, because ADS manufactured the system, Caruso alleges that the implied warranties of merchantability and fitness for a particular purpose extended to Caruso as an installer and the failure of the system constituted a breach of these warranties. Further,

---

[1] Caruso has also filed counterclaims against SiteCo Materials, Inc. [docket #12] but such counterclaims are not the subject of the instant motion to dismiss.

Caruso contends that ADS made an express warranty directly to Caruso and by public representations surrounding the goods and materials used, and the failure of the system constitutes a breach of such express warranty. Compl. ¶¶ 31-32. Last, Caruso alleges that the actions of ADS in connection with the installation of the drainage system created an express and/or implied contract with Caruso and the failure of the system constituted a breach of such contract. Compl. ¶¶ 35-36.

## II. DISCUSSION

### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Therefore, in order to withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and therefore, survives a motion to dismiss, the Third Circuit has required a three step analysis: (1) the Court must "outline the elements a plaintiff must plead to .

. . state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

    b.    **Analysis**

        i.    ***Breach of the Implied Warranty of Merchantability and Implied Warranty of Fitness for a Particular Purpose***

"Both the implied warranty of merchantability and the warranty of fitness for a particular purpose arise by operation of law and serve to protect buyers from loss where the goods purchased are below commercial standards or are unfit for the buyer's purpose." *Altronics of Bethlehem, Inc. v. Repco, Inc.*, 957 F.2d 1102, 1105 (3d Cir. 1992). Importantly, however, "[b]oth the UCC and New Jersey law allow manufacturers to limit their liability (other than for personal injury) through disclaimers." *Avram v. Samsung Electronics Am., Inc.*, 2013 WL 3654090, at *10 (D.N.J. July 11, 2013)[2]. To properly disclaim the implied warranty of merchantability and implied warranty of fitness for a particular purpose, the language of the disclaimer must be clear and conspicuous such that a reasonable purchaser would notice it. *Gladden v. Cadillac Motor Car Div.*, 83 N.J. 320, 331 (1980). Stated differently, to disclaim the implied warranty of merchantability, the language must specifically mention "merchantability" and to exclude the implied warranty of fitness, the disclaimer must be by a writing and obvious. *N.J.S.A.* §12A:2-316(2). A disclaimer is conspicuous if it is "written or displayed, or presented

---

[2] ADS cites both Ohio and New Jersey law in support of its position because the limited express warranty at issue in this case provides that the terms and conditions of sale shall be governed by the laws of the State of Ohio. Caruso relies solely on New Jersey law in its opposition. It is well established that "where the laws of two jurisdictions would produce the same result on the particular issue presented, there is a 'false conflict,' and the Court should avoid the choice-of-law question." *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006). Because there is no single aspect of Ohio law that has been identified as differing from New Jersey law in any relevant way to this motion, this Court will avoid the choice-of-law question.

that a reasonable person against which it is to operate ought to have noticed it" such as by contrasting font size or color, and/or using capital letters. *N.J.S.A.* §12A:1-201(10).

      Here, ADS' Terms and Conditions of sale included the following language:

> TO THE EXTENT ALLOWED BY LAW, THE WARRANTY SET FORTH HEREIN IS EXLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES WITH RESPECT TO THE PRODUCTS (WHETHER EXPRESS, IMPLIED OR STATUTORY), INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE

[docket #1, Exhibit A ¶6(b)(v)]. There is no question that the disclaimer included by ADS in its terms and conditions of sale is sufficiently conspicuous and properly excludes the implied warranties of merchantability and fitness for a particular purpose. The disclaimer is written in all capital letters such that a reasonable person would notice it and specifically includes the word "merchantability" as required by New Jersey law.

      Caruso contends that, to the extent the disclaimer is effective, it cannot act to exclude Caruso's claims because Caruso was not a contracting party with ADS and therefore, did not see the terms and conditions. As an initial matter, Caruso's Fourth Party Complaint against ADS specifically includes a cause of action for breach of contract; thus, Caruso's attempt to now avoid a valid warranty disclaimer by asserting that no contractual relationship existed is illogical. In any event, the lack of a contractual relationship between Caruso and ADS does not serve to invalidate ADS' proper disclaimer. Rather, Caruso was a third party beneficiary to the warranty made by ADS to SiteCo when SiteCo purchased the materials, and the disclaimer properly extends to Caruso. To hold otherwise would permit a non-contracting party to receive greater benefits under a contract than a contracting party. Such notion is contrary to the basic premise of contract law and Caruso is not entitled to avoid a valid warranty disclaimer that SiteCo itself

would not be able to avoid. *N.J.S.A.* §12A:2-318, Cmt. 1 ("To the extent that the contract of sale contains provisions under which warranties are excluded or modified, or remedies for breach are limited, such provisions are equally operative against beneficiaries of warranties under this section."). Thus, Caruso has failed to plead claims for breach of the implied warranties of merchantability and fitness for a particular purpose, as ADS has properly disclaimed these warranties. Accordingly, these claims are DISMISSED, with prejudice. See *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (holding that dismissal with prejudice is appropriate where an amendment to the complaint would be inequitable or futile).

### ii. *Breach of Express Warranty*

"Under New Jersey law, in order to state a claim for breach of express warranty, Plaintiffs must properly allege: (1) that Defendant made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Smith v. Merial Ltd.*, 2011 WL 2119100, at *5 (D.N.J. May 26, 2011). Importantly, however, "'an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.'" *Id.* (citing *N.J.S.A.* §12A:2-313(2)).

Further, express warranties may be disclaimed so long as doing so is reasonable. See *Gladden*, 83 N.J. at 330 (holding that an exclusion or limitation upon an express warranty is inoperative only where the disclaimer is unreasonably inconsistent with the express warranty itself). As stated above, New Jersey law requires conspicuous language in order to disclaim an implied warranty. While no such requirement is explicitly imposed in order to disclaim an

express warranty, it is inconceivable that such a disclaimer would be valid and enforceable if it was not also clear and conspicuous. *Id.* at 331.

Here, Caruso alleges that ADS created an express warranty by way of representations made to the public and to Caruso directly. Compl. ¶ 31. These representations, as described by Caruso, were allegedly made while ADS was overseeing Caruso's installation of the drainage system. Compl. ¶ 13. In particular, Caruso alleges that ADS made representations and recommendations concerning how to correct the defects discovered with the system and despite making these warranties surrounding the fitness of the product and the installation performed by Caruso, the system still failed. Compl. ¶¶ 16-24.

Caruso's claim for breach of an express warranty fails for a number of reasons. First, Caruso's Fourth Party Complaint contains no allegations of a promise or affirmation made by ADS sufficient to constitute an express warranty. Instead, Caruso generally alleges that ADS made representations about the fitness of the product, but does not indicate what these representations were. As stated above, a statement that is the seller's opinion or commendation of the goods does not create a warranty and such conclusory allegations by Caruso cannot form the basis for a breach of express warranty claim. See *Baker v. APP Pharm., LLC*, 2010 WL 4941454, at *4 (D.N.J. Nov. 30, 2010) (holding that Plaintiffs' breach of express warranty claim failed because "Plaintiffs' failed to identify any specific promise, affirmation, description or sample which might form the basis of the express warranty.").

Second, even assuming that Caruso has properly plead the existence of an express warranty, Caruso's breach of express warranty action still fails to state a claim upon which relief can be granted because ADS' disclaimer properly excludes any breach of warranty claim outside the scope of the limited warranty contained in ADS' terms and conditions. As set forth in more

detail above, ADS' disclaimer was sufficiently conspicuous such that a reasonable purchaser would notice it and extends to Caruso as a beneficiary of the contract between ADS and SiteCo. Accordingly, Caruso's claim for breach of an express warranty is DISMISSED with prejudice.

### iii. Breach of Express and/or Implied Contract

To form an enforceable contract there must be a definite offer, acceptance of that offer and consideration. *Friedman v. Tappan Dev. Corp.*, 22 N.J. 523, 531 (1956). In its opposition, Caruso concedes that there was no offer, acceptance, or business relationship formed with ADS. Accordingly, no contract existed between Caruso and ADS and Caruso's claim for breach of an express and/or implied contract is DISMISSED with prejudice.

## III. CONCLUSION

For the foregoing reasons, this Court GRANTS ADS' motion to dismiss in its entirety [docket #21] and dismisses Caruso's Fourth Party Complaint [docket #12] with prejudice. An appropriate Order accompanies this Opinion.

Date: March 18, 2014

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge