NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ADVANCED DRAINAGE SYSTEMS, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-cv-1349 (JAP) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SITECO MATERIALS, INC., | : | |
| | : | |
| Defendant/Third Party Plaintiff. | : | |
| | : | |
| v. | : | |
| | : | |
| CARUSO EXCAVATING, INC., | : | |
| | : | |
| Third Party Defendant | : | |
| Fourth Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ADVANCED DRAINAGE SYSTEMS, INC., | : | |
| | : | |
| Fourth Party Defendant. | : | |
| | : | |

PISANO, District Judge

Presently before the Court is Third Party Defendant/Fourth Party Plaintiff, Caruso Excavating, Inc.'s ("Caruso") motion for reconsideration of the Court's March 18, 2014 Order dismissing Caruso's Fourth Party Complaint [docket #36] and Plaintiff, Advanced Drainage Systems, Inc.'s ("Plaintiff" or "ADS") motion for summary judgment as against Siteco Materials, Inc. ("Defendant" or "Siteco") [docket #51]. The parties oppose the respective motions [docket #39 and #53]. The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons

stated below, Caruso's motion for reconsideration is DENIED and Plaintiff's motion for summary judgment is GRANTED as to liability and referred to the Magistrate Judge for a damages calculation.

## I.    BACKGROUND

Plaintiff ADS is a manufacturer of high density polyethylene ("HDPE") pipe.  See Affidavit of Richard P. Beierle ("Beierle Aff."), at ¶ 3.  In addition to HDPE pipe, ADS also manufactures various fittings and accessories that are used in connection with HDPE pipe. Defendant Siteco is a distributor of building products to the construction industry, including, among others, underground utility contractors.  See Affidavit of Robert Zoller, Esq. ("Zoller Aff."), at Ex. A.  For approximately 15 years, Siteco was a distributor of ADS products.  Zoller Aff., at Ex. A.  As a distributor, Siteco would purchase ADS products and resell those products downstream to Siteco's own customers.  Zoller Aff., at Ex. A.  In a typical transaction, Siteco submitted a purchase order to ADS for ADS products, and ADS then shipped products pursuant to Siteco's purchase orders and submitted invoices to Siteco for payment.  Beierle Aff., at ¶ 12. Under the terms of each invoice, Siteco was required to remit payment to ADS within 30 days. Zoller Aff., at Ex. B.

ADS sells all of its products pursuant to its published "Terms and Conditions of Sale" which provides, among other things, that "BUYER ACCEPTS ALL TERMS AND CONDITIONS OF BOTH SIDES HERE OF THIS FORM, NONE OF WHICH MAY BE CHANGED BY BUYER. ACCEPTANCE OF ANY SHIPMENT BY BUYER IS AN ACCEPTANCE OF THE TERMS OF THIS DOCUMENT, NOTWITHSTANDING ANY TERMS OR CONDITIONS CONTAINED IN AN ACKNOWLEGEMENT OR OTHER FORM OF BUYER. SUBJECT TO TERMS AND CONDITIONS PRINTED ON REVERSE SIDE."  See Zoller Aff., at Ex. A.  ADS'

Terms and Conditions of Sale also provide for situations where the Buyer has failed to timely pay for any products it has received. Zoller Aff., at Ex. B. Specifically, according to the Terms and Conditions of Sale, a service charge of 1% per month of the outstanding balance is added onto each unpaid invoice. Beierle Aff., at ¶ 9.

Due to its longstanding relationship with ADS, Siteco was permitted to buy significant quantities of ADS product on credit. Beierle Aff., at ¶ 13. In September 2012, Siteco refused to make any further payments to ADS for various products it had ordered and already received. Beierle Aff., at ¶ 15. Siteco's President and sole owner admitted that "Siteco did not pay for products they got from ADS." See Deposition of Carmine Caruso, at p. 60. Despite ADS' demands, Siteco refused to pay the outstanding invoices. Beierle Aff., at ¶ 19. As such, ADS filed a complaint against Siteco with this Court on March 6, 2013, alleging claims for breach of contract and unjust enrichment [docket #1] seeking payment for the past due invoices along with the added service charge as provided for in the Terms and Conditions of Sale. On April 16, 2013, Siteco filed an answer to ADS' complaint and included a third party complaint against Caruso, who is one of Siteco's own customers that purchases ADS manufactured products [docket #7]. In its third party complaint, Siteco alleges that Caruso owes it more than $500,000, and therefore asserted third party claims for breach of contract and book account.

On June 14, 2013, Caruso answered Siteco's third party complaint and also filed a fourth party complaint against ADS [docket #12] relating to the failure of a sub-surface storm water drainage system manufactured by ADS, which was sold to Siteco, and later sold and used by Caruso in a construction project. Caruso asserted causes of action against ADS for breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, breach of an express warranty, and breach of an express and/or implied contract. Because

3

ADS manufactured the system, Caruso alleged that the implied warranties of merchantability and fitness for a particular purpose extended to Caruso as an installer and the failure of the system constituted a breach of these warranties.  Further, Caruso contended that ADS made an express warranty directly to Caruso and by public representations surrounding the goods and materials used, and the failure of the system constituted a breach of such express warranty.  Compl. ¶¶ 31-32.  Last, Caruso alleged that the actions of ADS in connection with the installation of the drainage system created an express and/or implied contract with Caruso and the failure of the system constituted a breach of such contract.  Compl. ¶¶ 35-36.  On August 2, 2013, ADS filed a motion to dismiss Caruso's fourth party complaint, which the Court granted on March 18, 2014 [docket #35].  This dismissal is the subject of Caruso's current motion for reconsideration, which the Court will address below.

## II.     DISCUSSION

### a.     Reconsideration Motion

#### i.   *Legal Standard*

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. *United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment under Rule 60(b). *Id.*  However, neither Rule 59(e) nor Rule 60(b) applies where the order seeking to be reconsidered is not a final judgment or order.  See *Bausch & Lomb Inc. v. Moria S.A.*, 222 F. Supp. 2d 616, 669 (E.D. Pa. 2002).   In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  *Agostino v. Quest Diagnostics, Inc.,* Civ. No. 04-4362, 2010 WL 5392688, *5 (D.N.J. Dec. 22, 2010) (citing *Bryan v. Shah,* 351 F. Supp. 2d 295, 297 (D.N.J. 2005)).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of a matter which the party believes the Judge "overlooked" when it ruled on the motion.  A motion for reconsideration under Rule 7.1(i) "shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and submitted with a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."  L. Civ. R. 7.1(i).

The standard for reargument is high and reconsideration is to be granted only sparingly. *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J. 1994).  A judgment may be altered or amended under Rule 7.1(i) if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice."  *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 667 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the matter.  *Compaction Sys. Corp.,* 88 F. Supp. 2d at 345.

"Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *NL Industries, Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996).  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tishcio v. Bontex, Inc.,* 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 162 (D.N.J. 1998).

### ii.   Analysis

Caruso does not argue that there was an intervening change in controlling law or new evidence that was not available when this Court decided the motion to dismiss; rather, Caruso's motion for reconsideration is limited to the "need to correct a clear error of law or fact to prevent manifest injustice." *Quinteros*, 176 F.3d at 667.  Caruso asserts that a manifest injustice occurred and insists that the Court went beyond the pleadings by looking at the Terms and Conditions of Sale attached as Exhibit A to ADS' complaint in deciding the motion.  However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Here, Caruso seeks reconsideration of the dismissal of its claims for breach of express and implied warranties.  In filing its motion to dismiss, ADS properly attached the Terms and Conditions of Sale which included a disclaimer surrounding the very warranties that Caruso based its claims on.  Stated differently, Caruso cannot possibly argue that it pled plausible breach of warranty claims, and expect this Court to ignore the authentic document that disclaims those very warranties, and that which was properly included in the context of ADS' motion to dismiss. Caruso's remaining arguments simply attempt to re-argue the dismissal of its warranty claims. Specifically, Caruso argues that there are factual questions about the Terms and Conditions of Sale that included the ADS warranty, that the disclaimer language was not really conspicuous, and that the Court was wrong when it ruled that Caruso could not have greater warranty protection than Siteco, the actual party to the ADS limited warranty.  These arguments are nothing more than Caruso merely disagreeing with the Court's conclusion, and "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what is had already thought through—rightly

or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983)).  Accordingly, Caruso's motion for reconsideration must be denied.

      **b.**    **Summary Judgment Motion**

          *i.*  *Legal Standard*

A district court shall grant summary judgment, as to any claim or defense, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Thus, summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (citing Fed.R.Civ.P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *Id.*  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48 (emphasis in original).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. See Fed.R.Civ.P. 56(c)(1), (4); *Celotex,* 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." (citation omitted)); see also *Singletary v. Pa. Dept. of Corr.,* 266 F.3d 186, 192 n. 2 (3d Cir.2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing"—that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof.") (citing *Celotex,* 477 U.S. at 325).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. "[T]he non-moving party, to prevail, must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Cooper v. Sniezek,* 418 F. App'x 56, 58 (3d Cir.2011) (citing *Celotex,* 477 U.S. at 322).  Thus, to withstand a properly supported motion for summary judgment, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (citations omitted).  Instead, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324; see also *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888 (1990) ("The object of [the Rule] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit."); *Anderson,* 477 U.S. at 249; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied,* 507 U.S. 912 (1993) ("To raise a genuine issue of material fact, ... the opponent need not

match, item for item, each piece of evidence proffered by the movant," but must "exceed[ ] the ' mere scintilla' threshold and ... offer[ ] a genuine issue of material fact.").

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor .'" *Marino v. Indus. Crating Co.,* 358 F.3d 241, 247 (3d Cir.2004) (citing *Anderson,* 477 U.S. at 255). In making this determination, however, the court may consider materials in the record other than those cited by the parties. Fed.R.Civ.P. 56(c)(3).

### ii.    *Analysis*

ADS argues that it is entitled to summary judgment because it sold goods to Siteco pursuant to a valid contract, Siteco accepted such goods, and Siteco breached the contract by failing to remit payment. The Court agrees with ADS' contentions and there can be no dispute that Siteco is liable to ADS. Specifically, the parties do not dispute that Siteco submitted numerous purchase orders to ADS during 2011-2012 for ADS' HDPE pipe, fittings, and related accessories. It is also undisputed that Siteco did not pay ADS for all of the products it had received. Siteco merely contends that ADS is not entitled to summary judgment because the amount it owes to ADS is in dispute; however, this argument conflates the liability and damages analysis relevant to the instant motion. Indeed, ADS has met its burden in showing that no genuine dispute of material fact exists as to Siteco's liability. Siteco admitted in its response to ADS' statement of material fact that it refused to make any further payments to ADS for the products it had ordered and received, that Siteco's president admitted during his deposition that "Siteco did not pay for products they got from ADS," and that despite ADS' repeated demands, Siteco simply refused to

pay.  See Siteco's Response to ADS' Statement of Material Facts Not in Dispute, at ¶¶ 20, 21, and 22.

The New Jersey Uniform Commercial Code is clear in that "[t]he buyer must pay at the contract rate for any goods accepted."  *N.J.S.A.* § 12A:2-607(1).  In this case, there is no question that Siteco failed to pay the contract rate for the ADS products it had accepted and that ADS is entitled to summary judgment.  See *Phibro Animal Health U.S., Inc. v. Cornerstone AG Products*, 271 F. App'x 214, 215 (3d Cir. 2008) (Summary judgment granted in favor of seller where it was undisputed that the buyer received, accepted, resold the goods subject to the invoices and then failed to pay the seller for those goods); *Electro-Catheter Corp. v. Surgical Specialties Instrument Co.*, 587 F. Supp. 1446, 1456 (D.N.J. 1984) (Where the Court granted summary judgment in favor of the seller because "Defendant does not dispute that the goods were delivered, that the invoice price accurately reflects the price for the goods and that the goods have not been rejected or returned to plaintiff. Accordingly, no genuine dispute as to any material fact regarding plaintiff's right to recover on these invoices is present.").

Siteco's argument that damages are uncertain because it should have received certain discounts and/or rebates on the amount of the principal debt owed to ADS misses the mark.  Merely disputing the amount of damages in question is not sufficient to create a genuine dispute of material fact for trial as to the issue of Siteco's liability.  Rather, to succeed on a breach of contract claim in the context of summary judgment, New Jersey law requires the moving party to show that no genuine dispute of fact exists as to "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citing *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.,* 210 F.Supp.2d 552, 561 (D.N.J.2002)).

Here, ADS has met this burden. The record reveals that no dispute of fact exists as to a contract existing between the parties, Siteco's breach of that contract, damages incurred by ADS, and that ADS performed its obligations pursuant to the agreement. Stated differently, because ADS has established that it incurred damages, merely disputing the amount of such damages is insufficient to overcome this showing and ADS is entitled to partial summary judgment on liability on its breach of contract claim. *See Barefoot v. Wellness Pub.,* 2009 WL 4143110, at *10 (D.N.J. Nov. 17, 2009) (denying defendants' summary judgment motion where defendants did not dispute the fact of plaintiff's alleged damages but rather disputed the amount because "mere uncertainty as to the amount [of damages] will not preclude the right of recovery.") (citing *Tessmar v. Grosner,* 23 N.J. 193, 203, 128 A.2d 467 (1957)). Accordingly, ADS is entitled to partial summary judgment on liability of its breach of contract claim and this Court will refer the matter to the Magistrate Judge for a damages analysis consistent herewith.

## III.   CONCLUSION

For the foregoing reasons, Caruso's motion for reconsideration [docket #36] is DENIED and Plaintiff's motion for summary judgment [docket #51] is GRANTED as to liability of Siteco and referred to the Magistrate Judge to issue a report and recommendation for a damages calculation. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge