**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADVANCED DRAINAGE SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SITECO MATERIALS, INC.,<br><br>    Defendant/Third Party Plaintiff,<br><br>    v.<br><br>CARUSO EXCAVATING, INC.,<br><br>    Third Party Defendant/ Fourth Party Plaintiff<br><br>    v.<br><br>ADVANCED DRAINAGE SYSTEMS, INC.,<br><br>    Fourth Party Defendant. | Civil Action No. 13-1349 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on the motion of Third Party Defendant/Fourth Party Plaintiff Caruso Excavating, Inc. ("Caruso"). (ECF No. 62.) Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Caruso moves to certify the orders dismissing Caruso's Fourth Party Complaint against Advanced Drainage Systems, Inc. ("ADS") (ECF No. 48) and denying Caruso's Motion for Reconsideration (ECF No. 58), (collectively "Orders"), as final orders. This motion is

unopposed. The Court has carefully considered Caruso's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court denies Caruso's Motion Seeking Certification of the Orders.

**I.     Background and Procedural History**

ADS is a manufacturer of high density polyethylene corrugated drainage pipes. (Compl. ¶ 7, ECF No. 1.) On March 7, 2013, ADS filed claims for breach of contract and unjust enrichment against SiteCo Materials, Inc. ("SiteCo"), a distributor of ADS's products. (*Id.* ¶¶ 21-34.) In its complaint against SiteCo, ADS alleges that SiteCo failed to pay ADS for products that it received from 2011 to 2012, which totaled more than $470,000. (*Id.* ¶¶ 14-16.) SiteCo denied these allegations in its Answer and filed a Third Party Complaint against Caruso, a company that provides services, work, and material for construction and land development projects. (SiteCo Third Party Compl., ECF No. 7.) In its Third Party Complaint against Caruso, SiteCo alleges that Caruso failed to pay for certain "work, services and materials," and sought damages in excess of $500,000. (*Id.* ¶ 4.) Caruso denied these allegations in its Answer and filed a Counterclaim against SiteCo and a Fourth Party Complaint against ADS. (Caruso Fourth Party Compl., ECF No. 12.)

In its Counterclaim and Fourth Party Complaint, Caruso alleges that in 2008 it installed a sub-surface drainage system that was manufactured by ADS and sold by SiteCo, and that in 2010 this system was found to be defective. (*Id.* ¶¶ 5-26.) Based on these allegations, Caruso brought the following causes action against both ADS and SiteCo: (1) breach of implied warranty of merchantability; (2) breach of implied warranty of fitness for a particular purpose; (3) breach of express warranty; and (4) breach of express/implied contract. (*Id.* ¶¶ 1-37.) On March 2, 2013, SiteCo filed an Answer to Caruso's Counterclaim. (ECF No. 23.) On the same day, ADS filed a Motion to Dismiss Caruso's Fourth Party Complaint pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure. (ECF No. 21.) ADS argued that Caruso's breach of warranty claims were barred by clear and conspicuous disclaimers. (*Id.* at 5-10.) In addition, ADS argued that Caruso could not state a claim for breach of contract because there was no contract between ADS and Caruso. (*Id.* 10-11.) On March 18, 2014, the Court granted ADS's motion to dismiss and dismissed Caruso's Fourth Party Complaint against ADS with prejudice. (ECF No. 34.) Thereafter, Caruso moved for reconsideration of the order of dismissal. (ECF No. 36.) While Caruso's motion for reconsideration was pending, ADS moved for summary judgment with respect to its complaint against SiteCo.[1] (ECF Nos. 40, 50.) On October 31, 2014, the court denied Caruso's motion for reconsideration and granted ADS's motion for summary judgment as to liability on its breach of contract claim against SiteCo. (ECF No. 58.) The court, however, reserved judgment on the amount of damages that ADS may recover from SiteCo, and referred that matter to the Magistrate Judge to issue a report and recommendation regarding the calculation of damages. (*Id.*) On December 16, 2014, SiteCo and Caruso entered into a stipulation pursuant to which the court dismissed all of the claims between SiteCo and Caruso with prejudice. (ECF No. 60.) Accordingly, the only remaining claim in this action is ADS's damages claim against SiteCo. Rather than wait for the resolution of ADS's claim against SiteCo to appeal the dismissal of its Fourth Party Complaint against ADS, Caruso now moves pursuant to Rule 54(b) to direct entry of a final judgment as to the dismissal of its Fourth Party Complaint.

---

[1] Because Plaintiff did not file a statement of uncontested material facts with its Motion for Summary Judgment (ECF No. 40), ADS's Motion for Summary Judgment was denied without prejudice for failure to comply with Local Civil Rule 56.1(a). Thereafter, Plaintiff refiled its Motion for Summary Judgment (ECF No. 50) with a statement of uncontested material facts as required by Local Civil Rule 56.1(a) (ECF No. 50-1).

## II. Legal Standard

Rule 54(b) permits district courts to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . [but] only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). As the Third Circuit recognized, "[c]ertification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in district courts." *Elliot v. Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012). Under Rule 54(b), a court must make two findings to direct entry of a final judgment on a claim. First, it must determine that the judgment is final "in the sense that it is 'an ultimate disposition of an individual claim entered in the course of [a] multiple claims action.'" *Sussex Drug Prod. v. Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3d Cir. 1990) (quoting *Curtis-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). Second, the court must determine that there is no just reason for delay. *Berckley Inv. Grp., Ltd., v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006).

## III. Analysis

### A. Finality of the Judgment

First, with respect to the finality of the judgment, the Court finds that all claims by or against Caruso have been adjudicated or resolved. The only claim that remains in this action is the amount of damages that SiteCo owes ADS for its failure to pay ADS for products that it received from 2011 to 2012. Accordingly, the Court finds that the Orders were the "ultimate disposition" of Caruso's claims in this action. While this finding is necessary for entry of a final judgment pursuant to Rule 54(b), it alone is not a sufficient basis for directing entry of a final judgment. "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtis-Wright Corp.*,

446 U.S. at 8. Thus, having found that the Orders disposed of Caruso's claims in this action, the Court must now determine whether there is just reason for delay.

### B. Just Reason for Delay

To determine whether there is "just reason for delay," under Rule 54(b), this Circuit instructed district courts to consider the following factors:

(1) the relationship between the adjudicated and non-adjudicated claims;
(2) the possibility that the need for review might be mooted by future developments;
(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
(4) the presence or absence of a claim or counterclaim that could result in set-off against the judgment sought to be made final; and
(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of the trial, frivolity of competing claims, expenses and the like.

*Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975), *overruled in part by Curtis-Wright Corp.*, 446 U.S. at 6-7. Applying these factors here, the Court finds that there is just reason for delay.

While Caruso asserts that its claims against ADS are "not factually or legally related" to ADS's damage claim against SiteCo (Caruso Moving Br. 9), the submissions of ADS demonstrate otherwise. In granting ADS's motion to dismiss, the court found that certain contractual Terms and Conditions ("Terms & Conditions") applied to Caruso, and as a consequence, Caruso could not avoid a disclaimer contained therein. (Op. Granting Summ. J. 5-6, ECF No. 34.) Seizing upon this finding, ADS argues that under the law of the case doctrine, the court must find that the Terms & Conditions govern the calculation of ADS's damages. (ADS's Damages Br. 9, ECF No. 65.)

Although the Honorable Lois H. Goodman, U.S.M.J., rejected ADS's law of the case doctrine argument (Report & Recommendation 11-12, ECF No. 66), ADS's argument shows that the adjudicated and non-adjudicated claims are related. Moreover, because these claims implicate

5

the applicability of the Terms & Conditions, a reviewing court that considers the applicability of the Terms & Conditions in the context of Caruso's claim might be obligated to reconsider the same issue in the context of ADS's damages claim. In addition, with respect to "miscellaneous factors," given the posture of the case, the Court does not find that denial of certification pursuant to Rule 54(b) will cause a substantial hardship. Furthermore, as the remaining factors are neutral as to certification, the Court finds that there is just reason for delay.

## IV. Conclusion

For the reasons set forth above, it is hereby ordered that Caruso's Motion Seeking Certification of Orders Dismissing Caruso's Fourth Party Complaint as Final Orders under Rule 54(b) (ECF No. 62) of the Federal Rules of Civil Procedure is denied. An order consistent with this Memorandum Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: October 21st, 2015