UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ADVANCED DRAINAGE SYSTEMS,
INC.,
             Plaintiff,

v.

SITECO MATERIALS, INC.,

             Defendant.

Civil Action No. 13-1349 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Advanced Drainage Systems, Inc.'s ("Plaintiff") objections to the Honorable Lois H. Goodman, U.S.M.J.'s ("Judge Goodman") Report and Recommendation ("R&R") to deny Plaintiff's Motion for Summary Judgment as to the remainder of the damages sought in the underlying contract action.[1] (Pl.'s Letter, ECF No. 67.) Plaintiff also objects to Judge Goodman's recommendation regarding "interest and attorneys' fees based on her conclusion that [Defendant] did not have a full and fair opportunity to litigate whether the Terms & Conditions applied[.]" (*Id.*) Defendant SiteCo Materials, Inc. ("Defendant") opposes Plaintiff's Motion. (Def.'s Opp'n Letter, ECF No. 69.) The Court, having carefully considered the parties' submissions, decides the matter without oral argument pursuant to Local Civil Rule 78.1.

Judge Goodman's R&R concluded that Plaintiff's Motion for Summary Judgment should be denied because there is a genuine dispute of material fact as to whether the Terms and Conditions of Sale ("Terms & Conditions") are part of the parties' contract based on the version

---

[1] Plaintiff agrees with Judge Goodman's recommendation that summary judgment as to the principle amount of $384,458.12 must be granted. (Pl.'s Letter 1, ECF No. 67.)

of the Uniform Commercial Code ("UCC") adopted by the State of New Jersey, and that it would be inappropriate for the matter to be resolved at this stage of the proceedings due to the conflicting evidence. (*See* R&R 14, ECF No. 66.) Specifically, the R&R – as well as the underlying Motion for Summary Judgment – addressed the determination of the terms that govern the relationship between the parties, which is necessary to make a damages calculation. (*See id.* at 2.) Before Judge Goodman, Plaintiff argued that "the [Terms & Conditions] contained on its invoices are incorporated into the contract, such that there is a 1% monthly service fee due if payments are late, as well as a right to recover collection costs and fees." (*Id.* at 1.) Defendant, on the contrary, argued "that the Terms & Conditions do not apply; rather, the agreement should be read in light of the course of dealing of the parties." (*Id.* at 1-2.) Under Defendant's interpretation of the contract, "there should be a 2% discount, as well as a bulk rebate." (*Id.* at 2.) Defendant conceded that it owed Plaintiff at least $384,458.12. (*Id.*) Judge Goodman concluded that, "[i]n light of these divergent views as to the formation of the agreement and which terms govern, the first question that must be answered is whether damages can be calculated based on the record presented or whether there are genuine issues as to any facts that are material to the determination, making summary judgment on damages inappropriate." (*Id.*)

Plaintiff and Defendant are both merchants, and the parties acknowledged that their contract dispute is governed by the UCC. (*See* Def.'s Opp'n Letter 2, ECF No. 69; Pl.'s Supp. Br. 10, ECF No. 65.) Judge Goodman's R&R first addressed the basic principles of contract formation under the UCC and noted that the UCC "permits a merchant to add or alter terms to a contract with another merchant by including those terms in its acceptance as long as the offer was not expressly limited to the terms originally proposed, [and] the alterations in the acceptance do not materially alter the offer[.]" (R&R 12-13 (citing N.J.S.A. 12A:2-207).) Moreover, Judge Goodman

determined that an objection was not made "within a reasonable amount of time." (*Id.* at 13.) Judge Goodman concluded that, because the parties are merchants and the UCC governs, Plaintiff was allowed to add terms to the agreement through its acceptance. (*Id.*)

The parties, both relying on N.J.S.A. 12A:2-207, disagreed as to what constituted an acceptance. (*Id.*) Plaintiff argued that it accepted Defendant's offers to purchase its goods by issuing the invoices, which included the Terms & Conditions, and contended that "the shipment of goods is irrelevant because the bills of lading included with the shipments were merely shipping receipts and cannot constitute acceptance." (*Id.*) If determined to be true, the Terms & Conditions would be part of the contract under the UCC. (*Id.*) Defendant, in contrast, "identifie[d] the shipments themselves as the manifestation of acceptance, such that the Terms & Conditions are excluded." (*Id.*)

In determining whether Plaintiff's invoices constituted acceptance under the UCC, Judge Goodman relied on *Rocheux International of New Jersey, Inc. v. United States Merchants Financial Group, Inc.*, 741 F. Supp. 2d 651, 677-80 (D.N.J. 2010). (*See* R&R 14.) In *Rocheux*, the court found that the plaintiff's Order Acknowledgments, sent prior to the shipment of goods and containing additional terms to the original contract, could constitute an acceptance under the UCC. 741 F. Supp. 2d at 677-79. There, the parties disagreed as to whether the defendant actually received the pages in the Order Acknowledgements that contained the additional terms. *Id.* at 680. Accordingly, the court held that summary judgment was inappropriate due to this genuine and material factual dispute. *Id.*

Here, the parties also disagree on a genuine and material factual issue – whether the invoices containing the Terms & Conditions were sent with Plaintiff's shipment of goods, or after shipment – which creates divergent views on the formation of the contract. (*See* R&R 14.) Judge

Goodman noted that the "[r]esolution of this issue turns on timing: if [Plaintiff] sent the invoices before or concurrent with the goods, the Terms & Conditions govern; if [Plaintiff] shipped the goods first and the invoices later, then the shipment [constitutes] acceptance and the Terms & Conditions are not part of the contract." (*Id.* at 14 (citing *Rocheux*, 741 F. Supp. 2d at 677-80).) Thus, as Judge Goodman correctly concluded, this factual dispute is both genuine and material to the Court's decision, and summary judgment is therefore inappropriate. (*See id.*)

Plaintiff also argued that the law of the case doctrine was binding on whether the Terms & Conditions governed. (*Id.* at 11.) In deciding Plaintiff's Motion to Dismiss Third Party Defendant/Fourth Party Plaintiff Caruso Excavating, Inc.'s ("Caruso") Fourth-Party Complaint, the Court found that the disclaimer included by Plaintiff in its Terms & Conditions applied to Caruso.[2] (Mot. to Dismiss Op. 5, ECF No. 34.) In deciding the Motion to Dismiss, the Court focused on whether the Terms and Conditions applied to Caruso's claims for breach of express and implied warranties. (*See* Recons. Op. 6, ECF No. 57.) Judge Goodman's R&R stated that "even if the Court had found that the Terms & Conditions did govern in that context, it would be unjust to bind [Defendant] to that finding as [Defendant] was not a party to the motion to dismiss and did not have a full and fair opportunity to litigate the issue." (R&R 12.) The Court agrees with Judge Goodman's R&R, noting that "[t]he law of the case doctrine only precludes relitigation of issues that the parties had a full and fair opportunity to litigate." *Speeney v. Rutgers*, 369 F. App'x 357, 360 (3d Cir. 2010) (citing *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 219 (2d Cir. 2002)).

---

[2] The Honorable Joel A. Pisano, U.S.D.J., decided the Motion to Dismiss. (ECF No. 34.) This matter was subsequently transferred to the undersigned.

Because acceptance under the UCC in the instant matter turns on a factual disagreement, the Court finds that there is a genuine and material factual dispute. Accordingly, the Court agrees with Judge Goodman that the issue of whether Defendant received Plaintiff's invoices concurrent with or after the shipment of goods is a genuine factual issue that is material to the parties' dispute and that the issue is inappropriate to resolve on a motion for summary judgment. *See* Fed. R. Civ. P. 56(a) (stating that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"). For the reasons set forth above, the Court adopts the findings of fact and conclusions of law in the R&R. The Court grants Plaintiff's Motion for Summary Judgment with respect to the $384,458.12, and denies Plaintiff's Motion for Summary Judgment as to the remainder of the damages. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Date:** January 25, 2017